**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KAHALA FRANCHISING, L.L.C.,<br><br>          Plaintiff,<br>v.<br><br>BYRON WASHINGTON and BRAM BERG,<br><br>          Defendants. | Civil Action No. 1:25-CV-06392-JPC<br><br>**JUDGMENT ENTERING DEFAULT JUDGMENT, DAMAGES, FEES, COSTS, AND PERMANENT INJUNCTION** |

**THIS MATTER** having been brought before the Court on the Motion of Plaintiff Kahala Franchising, L.L.C. ("Plaintiff"), by its attorneys Gordon Rees Scully Mansukhani LLP, for default judgment, damages, fees, costs, and permanent injunction (the "Motion") against Defendants Byron Washington ("Washington") and Bram Berg ("Berg"), and the Court having considered the matter and all papers submitted in support of, and good cause appearing;

**IT IS** on this 28th day of January, 2026;

**ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion is hereby granted on the First (Federal Trademark Infringement), Third (Federal Unfair Competition), Fifth (Breach of Contract of New Rochelle Agreement), and Sixth (Breach of Contract of Scottsdale Agreement and Chandler Agreement) Claims, and denied as to the Second, Fourth, Seventh, and Eighth Claims, which are dismissed without prejudice; Judgment on the First, Third, Fifth and Sixth claims and causes of actions shall be and are hereby entered in favor of Plaintiff Kahala Franchising L.L.C.; and it is

**FURTHER ORDERED, ADJUDGED AND DECREED** that:

a)     As of the date of this Order, a permanent injunction is hereby issued against Defendant Byron Washington and his agents, officers, members, affiliates, servants, employees,

representatives, successors and assigns, all persons, firms or corporation and anyone acting on his behalf or in concert with him, permanently restraining and enjoining them from using in commerce any of the Pinkberry Marks—which are registered with the U.S. Patent and Trademark Office under numbers 3,302,143 (registered October 2, 2007); 3,728,442 (registered December 22, 2009), 3,460,697 (registered July 8, 2008); and 3,460,702 (registered July 8, 2008)—in connection with the sale, offering for sale, distribution, or advertising of any goods or services, to include operating a store and a social media account using those Marks.

      i. This Court shall retain jurisdiction over any enforcement action of this injunction; and, it is

**FURTHER ORDERED, ADJUDGED AND DECREED** that:

b)      Defendant Washington to pay Plaintiff **$200,819.49**, which includes the amount claimed for unpaid Royalty Fees and Advertising Fees and Early Termination Damages under the New Rochelle Agreement, and statutory damages under the Lanham Act;

c)      Defendants Washington and Berg, jointly and severally, to pay Plaintiff **$327,618.47**, which includes the amounts claimed for unpaid Royalty Fees and Advertising Fees and Early Termination Damages under the Scottsdale Agreement and Chandler Agreement;

d)      Defendants Washington and Berg, jointly and severally, to pay Plaintiff attorneys' fees and costs in the amount of **$16,404.00**;

e)      Defendants Washington and Berg, jointly and severally, to pay Plaintiff pre- and post-judgment interest as determined by the Court;

and it is **FURTHER ORDERED** that a copy of this Order shall be served on all parties within 5 days of the date hereof.

The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

_____

**HON. JOHN P. CRONAN**